**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH R. REISINGER,** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:19-1260** |
| **v.** : | **(JUDGE MANNION)** |
| **MDJ RICHARD CRONAUER,** : *et al.*, | |
| : | |
| **Defendants** | |

**MEMORANDUM**

**I.    BACKGROUND**

On July 22, 2019, plaintiff Joseph R. Reisinger[1] filed, *pro se,* an incomplete complaint, in clear violation of Fed.R.Civ.P. 8, appearing to claim violations of his constitutional rights under [42 U.S.C. §1983](#) regarding the alleged illegal and fraudulent October 2018 conveyance of his Luzerne County, Pennsylvania house, by the Luzerne County Tax Claim Bureau, to defendant JB Asset Management, LLC, during the pendency of his Chapter 11 Bankruptcy Petition.[2] (Doc. 1). Plaintiff appears to allege that the conveyance and acquisition of his house by JB Asset Management was in violation of his due process rights as well as federal law since the house was listed as an asset in his Bankruptcy Petition and was allegedly part of his

---

[1] The plaintiff was formerly licensed to practice law in Pennsylvania but is no longer so licensed. He has filed several *pro se* actions with this court.

[2] The plaintiff indicates that his Bankruptcy case was docketed to number 5:18-BK-04461, M.D.Pa., and that defendant Judge Opel is assigned his case.

Bankruptcy Estate. Also named as defendants are: Magisterial District Judge Richard J. Cronauer; Iftekhar Biplob, owner of JB Asset Management, LLC; Bankruptcy Judge Robert N. Opel, II; William G. Schwab, Esq., Chapter 7 Trustee; D. Troy Sellars, Esq., U.S. Trustee; and Adam R. Weaver, Esq., Special Counsel in plaintiff's bankruptcy case.

In particular, plaintiff alleges that he purchased the house in March 2013 and that he was the legal owner of the property. However, plaintiff states that due to an oversight the deed to the house was not recorded after his purchase. He states that he filed his Chapter 11 Bankruptcy Petition on October 22, 2018, and that he listed the house as one of his assets making the house part of his Bankruptcy Estate. Plaintiff states that he then properly recorded the deed to the house on October 24, 2018. Plaintiff alleges that even though his Bankrupcty Estate became the proper owner of the house, the Tax Claim Bureau, outside of the Bankruptcy Court and seemingly in violation of the automatic stay, unlawfully sold the house to JB Asset Management at a tax sale on October 25, 2018. The deed of the house to JB Asset Management was then recorded on February 19, 2019. It appears that after the sale of the house to JB Asset Management, plaintiff remained in possession of the house and his tenants remained in the house.

Biplob and JB Asset Management then filed an ejectment action against plaintiff with Judge Cronauer seeking the judge to find that JB Asset Management was the legal owner of the house and that Biplob could legally

enter the house. Judge Cronauer conducted a hearing on June 11, 2019. Plaintiff states that Judge Cronauer issued an illegal Order finding that JB Asset Management lawfully purchased the house and, that he and his tenants owed JB Asset Management rent and related utilities for occupying the house after it was sold at the tax sale. Additionally, plaintiff states that JB Asset Management was granted the authority by an Order issued by Judge Cronauer to take possession of the house on July 22, 2019 at 9:30 a.m.

As relief, plaintiff appears to seek the court to set aside the alleged illegal purchase and transfer of his house to JB Asset Management, and to prohibit JB Asset Management from taking possession of the house since he claims that Judge Cronauer's Order was legally void.

Simultaneously filed along with his complaint, plaintiff submitted a motion for a preliminary injunction, (Doc. 2), an amended motion for an emergency preliminary injunction with exhibits, (Doc. 3), an incomplete and unreadable handwritten motion to proceed *in forma pauperis*, (Doc. 4), and an unreadable handwritten motion seemingly requesting the court to expedite ruling on his emergency preliminary injunction motion, (Doc. 5).

In his emergency preliminary injunction, plaintiff seeks this court to enjoin defendants JB Asset Management and Biplob from taking physical possession of his house on July 22, 2019 at 9:30 a.m. since he alleges it was unlawfully transferred to them and that Judge Cronauer's Order was illegal.

After reviewing plaintiff's complaint and motions, the court will deny

3

plaintiff's request for immediate injunctive relief. The court will dismiss plaintiff's complaint for failure to file a proper pleading under Rule 8, for failure to state any basis invoking this court's jurisdiction and, for failure to state a cognizable claim. The court can raise *sua sponte* subject matter jurisdiction issues. *See* Nesbit v. Gears Unlimited,Inc. 347 F.3d 72, 77 (3d Cir. 2003). However, the court will allow plaintiff to amend his complaint regarding any constitutional and federal claims he is attempting to assert based on the stated deficiencies of his original complaint, including directing plaintiff to file an amended complaint in conformance with Rule 8 as well as a proper motion to proceed *in forma pauperis*.

Although plaintiff fails to state any basis to invoke this court's jurisdiction in his complaint, to the extent plaintiff is deemed as alleging violations of his constitutional rights and violations of federal law, the court would have jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a). Venue would be appropriate in this court it is alleged that constitutional violations occurred in this district since all parties are located here. *See* 28 U.S.C. §1391.

## II.   STANDARDS

### A.   Section 1983

To state a claim under section 1983, a plaintiff must meet two threshold requirements: 1) that the alleged misconduct was committed by a person

4

acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). If a defendant fails to act under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, Polk Cnty. v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also* Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(citing *Rode*). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

### B. Injunctive Relief

The grant of injunctive relief, including preliminary injunctive relief, is an extraordinary remedy and it should only be granted in limited circumstances. Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426–27 (3d Cir. 1994) (quoting Frank's GMC Truck Cent., Inc. v. Gen.

Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)) (alterations in original). The court's ultimate decision to deny a preliminary injunction is discretionary, though legal and factual determinations will be reviewed according to their normal standard. *See* Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 156 (3d Cir. 2002).

In order to obtain a preliminary injunction, the moving party must demonstrate the following:

> (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest.

*Id*. at 1427 (quoting Merchants & Evans, Inc. v. Roosevelt Bldg. Prods., 963 F.2d 628, 623–33 (3d Cir. 1992)). More specifically, the third prong requires a balancing of harms between the plaintiff and the defendant and a finding that the balance favors the plaintiff's request for relief. *See* Issa v. Sch. Dist. of Lancaster, 847 F.3d 121, 131 (3d Cir. 2017).

"The injunction should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *Id*. Moreover, it is only if the first two prongs are satisfied that the court must inquire into the final two factors. Tenafly, 309 F.3d at 157. Thus, "a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litig., 689 F.2d 1137, 1143 (3d Cir. 1982).

However, if a plaintiff proves the first two requirements, it will almost always be the case that the public interest favors preliminary relief, Issa, 847 F.3d at 143, leaving the crux of the matter to the balance of competing interests.

**III.    DISCUSSION**

For present purposes, plaintiff is deemed as claiming that his constitutional rights were violated by the alleged unlawful purchase and conveyance of his house after a tax sale to JB Asset Management. He also claims that this court should issue an Order essentially voiding Judge Cronauer's ejectment Order and Order allowing JB Asset Management to take possession of his house on July 22, 2019.

As discussed above, the alleged facts indicate that JB Asset Management purchased plaintiff's house at a tax sale held by the Luzerne County Tax Claim Bureau despite plaintiff's pending Chapter 11 Bankruptcy Petition in which his house was listed as an asset. Plaintiff then states that after a hearing Judge Cronauer granted JB Asset Management permission to take possession of his house. Plaintiff now seeks injunctive relief from this court in the form of an Order barring JB Asset Management from taking possession of his house.

The court finds that plaintiff has not shown a likelihood of success on the merits since he has adequate state court remedies to challenge Judge Cronauer's ejectment Order and Order allowing JB Asset Management to

take possession of his house on July 22, 2019. Further, since his property was sold at a tax sale, plaintiff has remedies available to him in state court to challenge the tax sale and JB Asset Management's Deed. Pennsylvania Rule of Civil Procedure 3132 allows a party to set aside a sale. This procedure is "grounded in equitable principles and is addressed to the sound discretion of the hearing court." Kaib v. Smith, 684 A.2d 630, 631 (Pa. Super. Ct. 1996). If the judgment entered is void, the sale will also be declared void. Harris v. Harris, 239 A.2d 783, 784–85 (Pa. 1968). In addition, a sale may be set aside where there are irregularities and deficiencies in the sale, including defects in advertisement and notice. *See* Hampton v. Swan, 109 A. 674 (Pa. 1920); Allegheny Cty. v. Golf Resort, Inc., 974 A.2d 1242, 1246 (Pa. Commw. Ct. 2009); Fernandez v. Tax Claim Bureau of Northampton County, 925 A.2d 207 (Pa. Commw. Ct. 2007) (citing 72 P.S. §5860.602). *See also* Scott v. Gehris, 2016 WL 795824 (M.D.Pa. March 1, 2016) (this court found that plaintiff was not entitled to a writ of mandamus or an order granting her a preliminary injunction directing defendants to stop the Pike County tax sale of her property since she has no likelihood of success on the merits of her case and she has adequate state court remedies).

Thus, to deem the harm of the sale "irreparable" at this stage of the case would ignore the post-deprivation safeguards, in addition to the pre-deprivation safeguards, to which the plaintiff was entitled under Pennsylvania law.

The plaintiff will be able to file motions in state court to set aside the tax sale and to strike the Deed conveying his property to JB Asset Management. *See* Jung Yun v. Bank of America, N.A., 2016 WL 7324554 (M.D.Pa. Dec. 16, 2016); Gangoo v. Federal Home Loan Mortgage Corporation, 2017 WL 679972 (M.D.Pa. Feb. 21, 2017); Scott, *supra*; Fernandez, *supra*. Additionally, plaintiff can also appeal Judge Cronauer's ejectment Order and Order allowing JB Asset Management to take possession of his house to the Court of Common Pleas and to the Pennsylvania appellate courts. *Id*. Plaintiff does not indicate if he availed himself of any of the state court remedies to challenge the stated Orders and, he does not allege that these remedies are somehow inadequate or ineffective.

Additionally, plaintiff has not shown immediate irreparable harm since monetary damages would be adequate to compensate him if, for some reason, the tax sale of his property was invalidated.

Moreover, the Anti-Injunction Act, 28 U.S.C. §2283, also applies and precludes the court from granting injunctive relief in this case. *See* Jung Yun, 2016 WL 7324554; Gangoo, 2017 WL 679972; Kush v. Bayview Loan Servicing, 2018 WL 3631871 (M.D.Pa. July 31, 2018). The Anti-Injunction Act deprives federal district courts the ability to "grant an injunction to stay proceedings in a State court." §2283. There are three narrow exceptions that allow a federal court to grant equitable relief, but the court finds that all three are inapplicable to the present case. *See Kush, supra*. As such, the court

lacks authority to grant the relief that the plaintiff requests with respect to his injunction motion preventing his July 22, 2019 ejectment from his house.

Thus, plaintiff's motion for an emergency injunction to prevent the Order of Judge Cronauer allowing JB Asset Management to take possession of his house on July 22, 2019 will be **DENIED**.

**IV. CONCLUSION**

In light of the above, the plaintiff's motion for an emergency preliminary injunction, (Doc. 3), to prevent JB Asset Management from taking possession of his house on July 22, 2019, will be **DENIED**. The plaintiff's complaint, (Doc. 1), will be dismissed for failure to file a proper pleading under Rule 8, for failure to state any basis invoking this court's jurisdiction and, for failure to state a cognizable claim. Also, the court will direct the plaintiff to file an amended complaint on or before August 19, 2019, in accordance with this memorandum. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 23, 2019**
19-1260-01.wpd